**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **LUIS VENTO PEREZ** | **CIVIL ACTION NO. 1:26-1638** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE JERRY EDWARDS, JR.** |
| **U.S. DEPT. OF HOMELAND** | **MAG. JUDGE KAYLA D. MCCLUSKY** |
| **SECURITY, ET AL.** | |

## ORDER

Petitioner Luis Vento Perez,[1] a detainee at Krome North Service Processing Center in the custody of the Department of Homeland Security and the Bureau of Immigration and Customs Enforcement who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.

On May 19, 2026, the United States District Court, Southern District of Florida, transferred the instant proceeding to this Court.  [doc. # 6].

"'To entertain a § 2241 habeas petition, the district court must**, *upon the filing of the petition***, have jurisdiction over the prisoner or his custodian.'"  *Williams v. United States*, No. 20-10422, 2021 WL 5871878, at *1 (5th Cir. Dec. 10, 2021) (emphasis added) (quoting *United States v. Brown*, 753 F.2d 455, 456 (5th Cir. 1985)).[2]  "[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court

---

[1] Petitioner's "A-Number" is 077-012-742.

[2] *See McClure v. Hopper*, 577 F.2d 938, 939-40 (5th Cir. 1978) ("When McClure filed his petition, he was imprisoned within the Southern District.  Jurisdiction attached upon the initial filing for habeas corpus relief.  It was not destroyed upon the transfer of petitioner and accompanying custodial change.").

retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."  *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004).

Here, because Petitioner was not detained in this judicial district at the time of filing, this Court lacks jurisdiction.[3]  When Petitioner filed this petition, he was detained at Florida Soft-Side South Detention Center, which is "in the Middle District of Florida."  [doc. #s 1, p. 1; 6, p. 1].

The Court may transfer a case filed in the wrong district to any district or division in which it could have been brought.  *See* 28 U.S.C. § 1631 (a court "shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed . . . .").

---

[3] *See Zare v. U S Immigr. & Customs Enf't*, No. 1:25-CV-01450, 2025 WL 2822495, at *1 (W.D. La. Oct. 2, 2025); *Smith v. Fleming*, No. CIV.A.4:02-CV-440-Y, 2002 WL 31114021, at *2 (N.D. Tex. Sept. 20, 2002) ("It is well established that jurisdiction over the petitioner attaches with the initial filing for habeas corpus relief, and it is not destroyed by a transfer of the petitioner and the accompanying custodial change."); *Mahamud v. Sessions*, No. 17-21044-CIV, 2017 WL 11696778, at *1 (S.D. Fla. Mar. 28, 2017) (transferring to the Middle District of Florida, where the petitioner was confined "at the time of filing"); *Mesa Rodriguez by Next Friend Pinero v. Krome N. Serv. Processing Ctr.*, No. 2:26-CV-648-JES-NPM, 2026 WL 840859, at *2 (M.D. Fla. Mar. 26, 2026) ("If Mesa Rodriguez refiles his petition, he must file it in the District Court with jurisdiction over the facility at which he is detained at the time of filing."); *Chirinos v. Immigr. & Customs Enf't*, No. 6:26-CV-00264-AGM-DCI, 2026 WL 327639, at *3 (M.D. Fla. Feb. 8, 2026) ("The Court's jurisdiction is fixed as of the date the petition is filed and if the petition adequately names the immediate custodian, then subsequent moving of the petitioner does not defeat the court's habeas jurisdiction."); *Palma v. Powell*, No. 7:26-CV-299-EGL-SGC, 2026 WL 701778, at *1 (N.D. Ala. Mar. 12, 2026) ("Jurisdiction depends on the petitioner's location at the time of filing."); *Winene v. Custodian, Baker Cnty. Det. Ctr.*, No. 17-CIV-20841, 2017 WL 11697552, at *1 (S.D. Fla. Apr. 25, 2017), *report and recommendation adopted sub nom. Winene v. Sessions*, No. 17-20841-CIV, 2017 WL 11697550 (S.D. Fla. May 25, 2017).

2

Accordingly, **IT IS ORDERED** that this proceeding is **TRANSFERRED** to the United States District Court, Middle District of Florida.

In Chambers, Monroe, Louisiana, this 1st day of June, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge